## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     *Plaintiff,*<br>    v.<br><br>BOROUGH OF WOODCLIFF LAKE,<br><br>                    *Defendant.* | Hon. Katharine S. Hayden<br><br>Civil Action No. 2:18-cv-10511 (KSH) (JAD) |

## CONSENT ORDER

### I.    INTRODUCTION

1.    The Parties have voluntarily agreed to resolve this matter by entering into this Consent Order between the United States and the Borough of Woodcliff Lake, as indicated by the signatures below.  Further, by consent of the parties, the Court has so ordered the injunctive relief provided for below.

2.    The United States brought this action to enforce the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5.  In its complaint, the United States alleges that the Borough of Woodcliff Lake, New Jersey ("Borough") and the Woodcliff Lake Zoning Board of Adjustment ("Zoning Board") (collectively, "Defendants") violated RLUIPA by denying a variance application submitted by Valley Chabad, an Orthodox Jewish congregation affiliated with the Chabad Lubavitch Hassidic movement, to the Zoning Board to construct a house of worship at 100 Overlook Drive in Woodcliff Lake, New Jersey. The United States alleges that Defendants violated RLUIPA Section 2(a) by imposing a substantial burden on Valley Chabad's religious exercise that did not

further a compelling governmental interest pursued by the least restrictive means.
42 U.S.C. § 2000cc(1)(a).  The Borough and Zoning Board deny the allegations.

3.     Valley Chabad filed a separate action, *Valley Chabad, Inc. and Rabbi Dov Drizin v. Borough of Woodcliff Lake et al.*, 2:16-cv-08087 (KAH) (JAD) (D.N.J.) (hereinafter, the "Private Action"), in which Valley Chabad alleges several violations of RLUIPA, including a violation RLUIPA's substantial burden provision under Section 2(a).   The Borough and Zoning Board deny the allegations.

4.     The parties have executed and submitted to the Court a Stipulation and Proposed Order of Dismissal dismissing from this action without prejudice the Zoning Board pursuant to Federal Rule of Civil Procedure 41(a)(2).  The Court has entered that order of dismissal prior to entry of this Consent Order.

## II.     STIPULATED FACTS

5.     The Borough is a municipality in Bergen County, New Jersey.

6.     The Borough is governed by and acts through a six-member Borough Council, elected at-large to serve staggered three-year terms, and a Mayor elected to a four-year term.  The Borough Council serves all legislative functions in the Borough; the mayor may cast a vote in the event of a tie.

7.     The Borough has the authority to regulate and restrict the use of land and structures within its borders.

8.     The Zoning Board is an agency of the Borough.  The seven-member Zoning Board rules on variances applications, interprets the Chapter 380 of the Municipal Code, which governs zoning in the Borough, and hears appeals from

enforcement of the zoning code.  The Zoning Board did not and does not have jurisdiction or authority to implement any land use regulation by way of ordinance.

9.     The Planning Board is an agency of the Borough.  Among other responsibilities, the Planning Board is responsible for making and adopting the Borough's Master Plan, administering the Borough's Land Use Subdivision Ordinance, reviewing site plans, and approving conditional use applications.

10.     The Borough is responsible for the acts and omissions of its agents and agencies, including the Zoning Board.

11.     The Borough has authority to legally bind and enter into legal agreements on behalf of the Borough, its agencies, including the Zoning Board and Planning Board, and to require its agencies to adhere to the provisions of this Order as specified herein.

12.     Valley Chabad is a non-profit entity founded in 1996 and incorporated and existing under the laws of the State of New Jersey.  Valley Chabad is a "religious assembly or institution" within the meaning of RLUIPA.  42 U.S.C. § 2000cc(a)(1).

13.     Valley Chabad is part of a religious tradition of Chabad houses that host traditional prayer services and serve as an inclusive religious and cultural center for the nearby Jewish community.  Chabad houses provide community members with a single home for all activities that adherents believe are a part of religious life.

14.     Since 1998, Valley Chabad or its predecessor, Pascack Valley Chabad Outreach Center, has operated from a Chabad house located at 100 Overlook Drive in the Borough.

15.     100 Overlook Drive is a 1.27-acre parcel of land zoned R-30 residential.

16.     The Borough Code, Zoning Ordinance permits houses of worship in an R- 30 residential zone provided nine (9) conditions are met: (1) minimum lot size: three acres; (2) lot width: 400 feet; (3) front yard setback: 50 feet each; (4) side yard setback: 50 feet each, 100 feet both; (5) rear yard: 50 feet; (6) height: 2½ stories or 30 feet; (7) maximum building coverage: 15%; (8) maximum impervious surface coverage: 30%; (9) parking: one space for each three seats, plus one space for each staff member. Borough Code, Chapter 380-13.

### III.   COMPLAINT FILED BY THE UNITED STATES

17.     On June 13, 2018, the United States filed a complaint alleging that the Borough and the Zoning Board violated the substantial burden provision of RLUIPA.  *See* ECF No. 1.

18.     The United States alleges that Valley Chabad and its members cannot fully and adequately practice their religion due to the constraints of its current facility at 100 Overlook Drive. The United States alleges that, on at least three occasions between 2006 and 2013, Valley Chabad attempted to purchase larger parcels of property in the Borough.  The Borough purchased or re-zoned each of those parcels.

4

19.     The United States alleges that, in October 2014, Valley Chabad submitted a variance application to the Zoning Board to remove the existing 3,194-square-foot structure at 100 Overlook Drive and to construct a new 17,728-square-foot house of worship with a height of 44 feet.

20.     The United States alleges that Valley Chabad revised its application to 12,247 square feet with a height of 33 feet, in response to concerns raised by the Zoning Board.

21.     The United States alleges that the Zoning Board held 18 hearings to consider Valley Chabad's variance application.

22.     The United States alleges that on August 23, 2016, the Zoning Board denied Valley Chabad's variance application by a unanimous vote.

23.     The United States alleges that the actions of the Borough and Zoning Board in denying Valley Chabad's variance application imposed a substantial burden on Valley Chabad's religious exercise and did not advance a compelling governmental interest by the least restrictive means, in violation of RLUIPA, 42 U.S.C. § 2000cc(a)(1).

24.     The Defendants filed an Answer on August 14, 2018, denying the allegations of the United States' Complaint and specifically denying that they violated RLUIPA.

## IV.     STATEMENT OF AGREEMENT

25.     The Parties agree that for purposes of RLUIPA, the denial of Valley Chabad's variance application constitutes the "application" of a "land use

regulation" that "limits or restricts a claimant's use or development of land," 42 U.S.C. § 2000cc-5(5), and is an "implementation of a land use regulation" in which a government as defined by RLUIPA has made an "individualized assessment[] of the proposed uses for the property involved," 42 U.S.C. § 2000cc(a)(2)(C).  The Parties agree that for purposes of RLUIPA, the Borough and Zoning Board each constitute a "government."  42 U.S.C. §§ 2000cc-5(4)(A)(i), (ii).

26.     The Parties agree that for purposes of RLUIPA, Valley Chabad's intended use of the property on 100 Overlook Drive to construct a house of worship constitutes "religious exercise" under RLUIPA.  42 U.S.C. §§ 2000cc-5(7)(A)-(B).

27.     The Parties agree that for purposes of RLUIPA, Valley Chabad is a religious "assembly or institution."  42 U.S.C. § 2000cc(a)(1).

28.     The Parties have voluntarily agreed to resolve the United States' claims against the Defendants by entering into this Consent Order with the Borough, as indicated by the signatures below.

29.     Nothing herein is an admission by the Borough, the Zoning Board, or the Planning Board that they violated RLUIPA, an allegation they continue to deny.

Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

## V.     JURISDICTION

30.     The Court has jurisdiction over this action and may grant the relief sought herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, 28 U.S.C. §§ 2201-02, and 42 U.S.C. § 2000cc-2.

## VI.    INJUNCTION, TERMS, AND CONDITIONS

## A.    OBLIGATIONS OF THE BOROUGH

31.    The Borough shall grant the necessary approvals to allow Valley Chabad to construct and use a house of worship on 100 Overlook Drive in accordance with terms of the Consent Order entered in the Private Action and the site plan referenced therein.

32.    Within five (5) days of the issuance of a certificate of occupancy for the house of worship contemplated by Paragraph 31, the Borough will submit a copy of the certificate of occupancy to counsel for the United States.

33.    The Borough, its agents, agencies, subdivisions, land use board, entities, employees, successors, and all other persons or entities in active concert or participation with the Borough shall not:

a.  Impose or implement any land use regulation in a manner that, within the meaning of RLUIPA, imposes a substantial burden on the religious exercise of any person, including a religious assembly or institution, unless the Borough can demonstrate that imposition of that burden furthers a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest.

b.  Engage in any conduct that violates RLUIPA.

c.  Coerce, intimidate, threaten, interfere with, or retaliate against any person in the exercise or enjoyment of, or on

7

account of his or her having exercised or enjoyed, or on account
of his or her having aided or encouraged any other person in
the exercise or enjoyment of, any right granted or protected by
RLUIPA.

34.    The Borough shall not amend its zoning ordinance in any way that
would prevent Valley Chabad from using its property at 100 Overlook Drive in
Woodcliff Lake as a house of worship in accordance with the site plan attached as
Exhibit B to the Consent Order in the Private Action or, to the extent not addressed
by this Consent Order, the laws of the Borough.

## B.   NOTICE TO PUBLIC

35.    Within sixty (60) days of the date of entry of this Consent Order, the
Borough agrees to and shall implement the following procedures:

  a.   *Signage*.  The Borough agrees to and shall post and maintain
       printed signs within sight of each public entrance to the Borough's
       Building Department and its Planning Office.  The signs will be in
       bold, block letters, at least one half-inch high, and shall conform to
       **Appendix A**.

  b.   *Internet Posting*.  The Borough agrees to and shall post and
       maintain on its internet site a notice stating the following in type
       equivalent in size to the majority of other type on the page, in
       capital letters: "CONSISTENT WITH THE UNITED STATES
       CONSTITUTION AND THE RELIGIOUS LAND USE AND

8

INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA), THE

BOROUGH OF WOODCLIFF LAKE (1) APPLIES ITS LAND USE

REGULATIONS IN A MANNER THAT DOES NOT IMPOSE A

SUBSTANTIAL BURDEN ON THE FREE EXERCISE OF

RELIGION, UNLESS IT IS IN FURTHERANCE OF A

COMPELLING GOVERNMENTAL INTEREST AND IMPOSED IN

THE LEAST RESTRICTIVE MEANS, (2) DOES NOT TREAT

RELIGIOUS ASSEMBLIES OR INSTITUTIONS ON LESS THAN

EQUAL TERMS WITH NONRELIGIOUS ASSEMBLIES OR

INSTITUTIONS, AND (3)  DOES NOT DISCRIMINATE AGAINST

ANY RELIGIOUS ASSEMBLY OR INSTITUTION ON THE BASIS

OF RELIGION OR RELIGIOUS DENOMINATION.

## C.    COMPLAINT PROCEDURE

36.    The Borough agrees that upon receipt of a complaint, whether verbal or in writing, by any person who believes that the Borough, acting through its agents, agencies, or employees, may have violated RLUIPA, the Borough shall offer and provide the form attached as **Appendix B**.  The Borough shall respond to a completed form in writing within thirty (30) days of receipt of same by the Borough Clerk.  The Borough shall accept and maintain as records each original written complaint and any proposed or actual action taken by the Borough in response to the complaint for the duration of this Consent Order.

## D. TRAINING

37.    Within one hundred and eighty (180) days of the entry of this Consent Order, the Borough shall provide training on the requirements of RLUIPA to the Borough, all Borough employees who have responsibilities related to implementation or enforcement of zoning or land use regulations, the Zoning Board and its employees, and the Planning Board and its employees, and furnish each such person a copy of this Consent Order, and shall advise the United States of it having been done.  The Borough shall also provide Borough consultants, agents, contractors, or retained professionals with responsibilities related to the implementation or enforcement of zoning or land use regulations with a copy of this Consent Order and a copy of training materials,  The training of Borough, Zoning Board, and Planning Board employees and members shall be conducted by counsel of record in the above-captioned action or a qualified third person or organization selected by the Borough and approved by the United States, which approval shall not be unreasonably withheld.  Within two hundred and ten (210) days of the date of entry of this Consent Order, the Borough agrees to and shall secure and deliver to counsel for the United States a written statement of each individual's attendance at the RLUIPA training, and receipt of a copy of the Consent Order, in the form appearing at Appendix C.[1]  The Borough shall pay all training costs.

---

[1] All submissions to the United States or its counsel should be submitted to: Chief, Civil Rights Unit, U.S. Attorney's Office for the District of New Jersey, 970 Broad Street, Suite 700, Newark, New Jersey 07102, or as otherwise directed by the United States.

10

## VII.   REPORTING, RECORD-KEEPING, AND MONITORING

38.    Within six months of the date of entry of this Consent Order, and every six months thereafter, the Borough shall send a report evidencing its compliance with this Consent Order to counsel for the United States, except that the last report shall be submitted thirty (30) days prior to the anticipated expiration of this order. The reports shall consist of the following:

       a.    a signed declaration by the Mayor of the Borough stating the status of the Borough's compliance with Sections VI (A)-(D) of this Consent Order, any unmet obligations, and their projected compliance dates; and

       b.    copies of written complaints, if any, and the Borough's responses as described in Section VI (C) of this Consent Order.

39.    The Borough shall submit, on the first anniversary of the entry of this Consent Order, a report to the Court and the United States describing the status of its compliance with Section VI(A)-(D) of this Consent Order, any unmet obligations, and their projected compliance dates.  The Borough shall submit a similar report to the Court and to the United States every six months thereafter until it has met all obligations under Section VI(A)-(D), at which point the Borough shall submit a report certifying the same.  The Borough or the Parties jointly may move the Court to terminate this Consent Order prior to its expiration as set forth in Section X upon a showing by a preponderance of the evidence that the Borough has reached "durable compliance" with this Consent Order as defined below.  At all times, the

Borough will bear the burden of demonstrating by a preponderance of the evidence its durable compliance. "Durable compliance" means full, effective, and lasting compliance with all provisions of this Consent Order. To achieve full, effective, and lasting compliance, the Borough must demonstrate that it has: (a) permitted Valley Chabad to construct a house of worship as required by Section VI (A); (b) provided notice of this Consent Order to the public as required by Section VI (B); (c) complied with the complaint procedure set forth in Section VI (C); (d) undertaken training as required by Section VI (D); and (e) adhered to the record-keeping reporting, and inspection requirements set forth in this Section.

40.    If the Borough has reached full, effective, and lasting compliance for at least one year with a part of the Consent Order, the Borough or the Parties jointly may agree to move the Court to terminate that part of the Consent Order if it is sufficiently severable from the other requirements of the Consent Order. In determining whether there is full, effective, and lasting compliance with a part of the Consent Order, all of the requirements of the Consent Order may be assessed collectively to determine whether the intended outcome of the part has been achieved.

41.    The Borough shall maintain copies of all written applications that seek the Borough's consideration or approval of any land use for religious purpose for the duration of this Consent Order. Such applications include, without limitation, applications for preliminary and final plan approval, conditional use permits, re-

12

zonings, variances, building permits, special use permits, renewals of permits, and special exemptions.

42.     The Borough shall retain all records related to Valley Chabad for the duration of this Consent Order.  These records shall include, but are not limited to: correspondence to the Borough concerning Valley Chabad or any members of its community; complaints made to Borough enforcement departments about Valley Chabad; and, any law enforcement, regulatory, or investigative action taken by the Borough concerning Valley Chabad.  For good cause and upon reasonable notice by counsel for the United States, the Borough shall produce or permit inspection and copying by representatives of the United States of all non-privileged records mentioned in this paragraph and Paragraphs 36 and 41

## VIII.    EXECUTION, DISPUTE RESOLUTION PROCESS, ENFORCEMENT, AND COSTS

43.     The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of or compliance with this Consent Order prior to seeking relief from this Court.

44.     If, at any time, the United States believes that there has been a failure by the Borough to perform in a timely manner any act required by this Consent Order, or otherwise to act in conformance with any provision thereof, whether intentionally or not, the United States will notify the Borough in writing of its concerns and the Parties will attempt to resolve those concerns in good faith. If the Parties are unable to reach a resolution, the United States may seek appropriate relief before the Court, including any remedy authorized by law or equity.  In the

event of a violation of this Consent Order as determined by the Court, the United States shall be entitled to seek any remedy authorized by law or equity, along with its costs and reasonable attorneys' fees that may have been incurred as determined by the Court, in an action to enforce the Consent Order.  Absent exigent circumstances, the United States will allow the Borough thirty (30) days to cure a violation of this Consent Order once notified by the United States, before moving the Court for relief.

45.     The undersigned representatives of the Borough and their counsel represent and warrant that they are fully authorized to enter into this Consent Order on behalf of the persons and entities indicated below.

46.     This Consent Order is binding on the Borough's successors, transferees, heirs, and assigns.

47.     The Parties agree that they will not, individually or in combination with another, seek to have any court declare or determine that any provision of this Consent Order is illegal or invalid.

48.     Each Party shall bear its own legal and other costs incurred in connection with this litigation, including the preparation of this Consent Order and performance of its obligations.

49.     For the duration of this Consent Order, this Court has exclusive jurisdiction over and is the venue for any dispute relating to this Consent Order. This Consent Order constitutes the complete agreement among the Parties to the

above-captioned action.  This Consent Order may only be amended by the Court sua sponte, or upon the motion of either party.

50.    The Parties will defend this Consent Order against any challenge by any third party.  In the event that this Consent Order or any of its terms are challenged in a court other than the United States District Court for the District of New Jersey, the Parties agree that they will seek removal and/or transfer to this Court.

## IX.    TERMINATION OF LITIGATION HOLD

51.    To the extent that any Party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the Party is no longer required to maintain such litigation hold after the term of this Consent Order expires, as set forth below, unless the parties return to litigation in the above-captioned action or related private action.  Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Order, including Paragraph 42.

## X.   SCOPE AND DURATION

52.    The duration of this Consent Order shall be for a period of four (4) years from the date of the entry of this Order, except as provided by Paragraphs 53 and 54.  The Court shall retain jurisdiction for the duration of this Order to enforce its terms.

53.    Notwithstanding Paragraph 44, if (a) the Borough has failed substantially, whether intentional or not, to satisfy the terms of this Consent Order,

or (b) a certificate of occupancy is not issued within four (4) years of the date of entry of this Consent Order, or (c) if the Borough is no longer obligated to grant the land use relief provided by the consent order in the Private Action as set forth in Paragraph 31 of this Consent Order, or (d) if the United States has good cause to believe that any violations of the RLUIPA are occurring, or (e) if the interests of justice so require, the United States, upon notice to the Borough and thirty (30) days to cure, may file a motion requesting that this Consent Order be extended, or amended based on the status of the Private Action, and the Borough shall have the right to file an opposition to such motion.

54.     If it shall become necessary to for the United States to move the Court for an extension, and if such extension is granted, the Borough shall submit, six months after the extension, a report to the Court and to the United States describing the status of any unmet obligations and their projected completion date(s).  The Borough shall submit a similar report to the Court and the United States every six months thereafter during the applicable extension time period until it has met all obligations under Section VI, at which point the Borough shall submit a report certifying the same.  The Consent Order will expire ninety (90) days after the Borough files that final report with the Court.

55.     The Court will retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time the case will be dismissed with prejudice against all Defendants.

56.     This Consent Order contains the entire agreement between the

Parties.  No agreements or negotiations, oral or otherwise, between the Parties that

are not included herein shall be of any force or effect.


**IT IS SO ORDERED this _____ day of _____, 2020.**


_____
**HON. KATHARINE S. HAYDEN**
**UNITED STATES DISTRICT JUDGE**

17

**FOR THE PLAINTIFF, UNITED STATES OF AMERICA:**

DATED: Sept. 15, 2020

CRAIG CARPENITO
United States Attorney
District of New Jersey

By:

MICHAEL E. CAMPION
Assistant U.S. Attorney
Chief, Civil Rights Unit
SUSAN MILLENKY
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102

**FOR THE DEFENDANT, BOROUGH OF WOODCLIFF LAKE:**

DATED: _____, 2020

BY: _____
    Name: Carlos Rendo
    Title: Mayor

**FOR THE DEFENDANT, BOROUGH OF WOODCLIFF LAKE:**

DATED: _____, 2020

KLINGEMAN CERIMELE, ATTORNEYS

BY: _____
    Henry Klingeman, Esq.
    60 Park Place, Suite 1100
    Newark, New Jersey 07102
    *Counsel for Defendant*

**FOR THE PLAINTIFF, UNITED STATES OF AMERICA**:

DATED: _____, 2020

CRAIG CARPENITO
United States Attorney
District of New Jersey

By: _____
        MICHAEL E. CAMPION
        Assistant U.S. Attorney
        Chief, Civil Rights Unit
        SUSAN MILLENKY
        Assistant U.S. Attorney
        970 Broad Street, Suite 700
        Newark, New Jersey 07102

**FOR THE DEFENDANT, BOROUGH OF WOODCLIFF LAKE**:

DATED: 09/14, 2020

BY: _____
  Name: Carlos Rendo
  Title: Mayor

**FOR THE DEFENDANT, BOROUGH OF WOODCLIFF LAKE**:

DATED: 09/14, 2020

KLINGEMAN CERVIZZI ATTORNEYS

BY: _____
    Henry Klingeman, Esq.
    60 Park Place, Suite 1100
    Newark, New Jersey 07102
    *Counsel for Defendant*

18

**APPENDIX A**

CONSISTENT WITH THE UNITED STATES CONSTITUTION AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA) THE BOROUGH OF WOODCLIFF LAKE APPLIES ITS LAND USE REGULATIONS IN A MANNER THAT (1) DOES NOT IMPOSE A SUBSTANTIAL BURDEN ON THE FREE EXERCISE OF RELIGION, UNLESS IT IS IN FURTHERANCE OF A COMPELLING GOVERNMENTAL INTEREST AND IMPOSED IN THE LEAST RESTRICTIVE MEANS, (2) DOES NOT TREAT RELIGIOUS ASSEMBLIES OR INSTITUTIONS ON LESS THAN EQUAL TERMS WITH NONRELIGIOUS ASSEMBLIES OR INSTITUTIONS, AND (3) DOES NOT DISCRIMINATE AGAINST ANY RELIGIOUS ASSEMBLY OR INSTITUTION ON THE BASIS OF RELIGION OR RELIGIOUS DENOMINATION.

Under RLUIPA, no local government may apply its land use regulations in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless it is in furtherance of a compelling governmental interest and imposed in the least restrictive means. RLUIPA also provides that no local government may apply its land use regulations in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious institution or assembly.  Finally, RLUIPA provides that no local government may impose or implement a land use regulation in a manner that discriminates on the basis of religion against a religious assembly or institution.

19

If you believe that the Borough of Woodcliff Lake, its Zoning Board, Planning Board or any other land use or zoning body of the Borough, or any other local government or municipality, has violated your rights under RLUIPA, please contact the U.S. Attorney's Office for the District of New Jersey at (973) 645-2700 or the United States Department of Justice at (202) 514-4713.

You may also write to:

United States Attorney's Office
District of New Jersey
Civil Rights Unit, Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102

or

United States Department of Justice
Civil Rights Division, Housing and Civil Enforcement Section
4 Constitution Square
150 M Street NE
Washington, DC  20530

**APPENDIX B**

**COMPLAINT AGAINST THE BOROUGH OF WOODCLIFF LAKE**

Name: _____

Address: _____

Telephone: _____

     1.     Please state briefly the nature of the service or request that you made of the Borough of Woodcliff Lake (*e.g.*, preliminary and final site plan approval, conditional use permit, variance, re-zoning, special use permit, exemption, *etc.*).  In addition, please include a description of the religious land use and the assembly or institution at issue in your request:

_____

_____

_____

     2.     Please state briefly in what way(s) you believe that the Borough of Woodcliff Lake, the Zoning Board of Adjustment, or Planning Board may have violated your rights in the exercise of your religion under the United States Constitution, federal law (including RLUIPA), the New Jersey State Constitution, New Jersey State law, or the Borough's Code or Ordinances:

_____

_____

_____

     3.     If you believe that the Borough of Woodcliff Lake, the Zoning Board of Adjustment, the Planning Board, or any other land use or zoning body of the Borough, or any other local government or municipality, has discriminated against you in the exercise of your religion through the implementation of its zoning or land use laws, in addition to completing this complaint, please contact the U.S.

21

Attorney's Office at (973) 645-2700 or the United States Department of Justice at:

(202) 514-4713

You may also write to:

United States Attorney's Office
District of New Jersey
Civil Rights Unit, Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102

or

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
4 Constitution Square
150 M Street NE
Washington, DC  20530

(Signature)

(Date)

22

**APPENDIX C**

**STATEMENT OF RECEIPT OF ORDER**

I, _____, attended RLUIPA training on

_____ and state that I have received a copy of the Consent Order entered by

the Court on _____, 2020 to resolve the complaint filed by the United States in

the United States District Court for the District of New Jersey in *United States v.*

*Borough of Woodcliff Lake*, No. 2:18-cv-10511 (KSH) (JAD) (D.N.J.).


_____
(Signature)

_____
(Print name)

_____
(Date)